# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MANDRIEZ SPIVEY, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:11-CV-224 (MTT) |
| Warden, GD&CP, | : | |
| Respondent. | : | **O R D E R** |

Petitioner **MANDRIEZ SPIVEY** filed this *pro se* 28 U.S.C. § 2254 habeas corpus petition challenging the validity of his January 14, 1998 conviction in the Superior Court of Bibb County, Georgia, for which he received five years probation.[1] Petitioner is currently incarcerated in Georgia Diagnostic and Classification Prison, pursuant to a sentence of 18 months, imposed in a 2007 conviction from the Superior Court of Lamar County, Georgia.[2]

Petitioner's Bibb County conviction expired long ago. He nevertheless challenges his Bibb County conviction in this action because it allegedly was used to enhance his current Lamar County sentence.

---

[1] A staff attorney of this Court confirmed the above sentence with the Superior Court of Bibb County.

[2] The Court determined the nature of Petitioner's 2007 conviction through his filing in ***Spivey v. Jones County LEC***, 5:11-CV-81 (MTT).

Petitioner can no longer bring a section 2254 habeas petition directed solely at his 1998 Bibb County conviction, as he is not "in custody" with respect to this conviction. *See also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed"). Although Petitioner is in custody with respect to his 2007 conviction, the United States Supreme Court held in *Lackawanna County Dist. Att'y v. Coss.*, 532 U.S. 394 (2001),

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04. Thus, although Petitioner's 1998 Bibb County conviction may have been used to enhance his current sentence, the earlier conviction is nevertheless not subject to review.

The only circumstances under which Petitioner might challenge the 1998 Bibb County conviction would be if: (1) counsel was not appointed in violation of the Sixth Amendment; or (2) "no channel of review was available with respect to the prior conviction, through no fault of the petitioner." *Birotte v. Secretary for the Dep't of Corrections*, 236 Fed.Appx. 577, 579 (11th Cir. 2007) (citing *Lackawanna*, 532 U.S. at 402-04). Neither exception is present here. Petitioner's habeas petition indicates that he had counsel in the Bibb County proceeding, and he does not contend that he lacked

any channel of review for his 1998 Bibb County conviction.

Alternatively, the Court finds that Petitioner's petition is patently time-barred by section 2254's one-year statute of limitations.

In light of the foregoing, the instant petition is hereby **DISMISSED with prejudice**.

**SO ORDERED**, this 9th day of June, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr